**William A. PRICE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13925.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1960.

Decided June 18, 1960.

Mr. Harry I. Rand, Washington, D. C., with whom Mr. Leonard B. Boudin, New York City, was on the brief, for appellant.

Miss Doris H. Spangenburg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Lewis Carroll, William Hitz, and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Mr. John D. Lane, Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was convicted in the District Court for contempt under 2 U.S.C.A. § 192 for refusal to answer 8 questions[1] when he testified under subpoena before the Subcommittee on Internal Security, Senate Judiciary Committee. The hearings at which appellant testified were conducted pursuant to Senate Resolution 366 of the 81st Congress and Resolution 54 of the 84th Congress.*

---

1. Count One: "Are you, Mr. Price, a member of the Communist Party, U. S.A. ?"

Count Two: "Have you ever attended Communist meetings?"

Count Three: "Do you, Mr. Price, know Marcella Hitschmannova?"

Count Four: "Did you, sir, fly a considerable mileage in Central America and Latin America?"

Count Five: "Is it not a fact, sir, that you did fly a privately owned airplane, as distinguished from a military or naval airplane—that you did so as a private citizen; that you flew in Latin and South America, and that during that flight you had another person with you for a good part of the time?"

Count Six: "Who was the person who accompanied you on that lengthy flight in Latin and Central America?"

Count Seven: "When was it you made this lengthy trip to Latin and Central America?"

Count Eight: "Have you ever been a member of the Communist Party? I asked you once earlier if you are now a member, and I will ask you whether you have ever been a member of the Communist Party?"

* The circumstances under which the appeals in this case and seven other contempt of Congress cases came on for hearing in this court appear in footnote 2 of the opinion, in Gojack v. United States, —— U.S.App.D.C. ——, 280 F.2d 678.

Appellant appeared first in executive sessions of the Subcommittee and later in public sessions. At all times he was attended by counsel who was experienced in appearances before Congressional Committees conducting hearings of this general character. Appellant refused to answer the questions set forth in the indictment and explained his refusal in a prepared written statement which he handed to the Subcommittee and counsel to be inserted in the record. From time to time he referred to the statement and embellished it as a basis for his refusal to answer questions. He consulted frequently with his counsel before responding or refusing to answer questions.

The District Court's opinion succinctly deals with the case and we affirm the conviction on the grounds relied on by that court. In pertinent part that opinion is as follows:

"First, I hold that the committee was duly constituted and vested with authority to function on the occasion in question; that at the time the defendant appeared the committee was inquiring into a matter within its authority and that it had before it a legitimate legislative purpose; that the questions put were pertinent to the matter under inquiry; that the questions were not ambiguous in the light of what had transpired and in context; that the questions were properly put, and when there was a refusal to answer, after a statement as to why he refused, the defendant was directed to answer the questions, and he failed to do so.

"I have no doubt that the defendant was properly informed as to the purpose and reason which brought him before the committee. The subpoena of the committee put him on notice. In addition to that, the very careful legalistic memorandum prepared before he appeared clearly indicated that he was so advised and had the assistance of extraordinarily competent counsel. This Court, I.

might say, has had contact in a professional way with defendant's then counsel, Mr. Wittenberg, and personally knows him to be an able lawyer.

"I will further hold that the questions put were not properly and timely answered; that, in fact, there was no direct and clear answer to the questions put; that the involved statement, made at a time substantially removed from the time the questions were put and in the manner in which the answer was made, was not truly responsive.

"I believe that covers the necessary ingredients in the case; and they having been proved beyond a reasonable doubt, I do find the defendant guilty as to the counts set forth in the indictment in question: namely, Counts 1, 2, 3, 4, 5, 6, 7, and 8."

The formal statement relied on by appellant and filed with the Subcommittee warrants discussion in view of the comments of the Supreme Court in the Barenblatt case [2] concerning a statement filed by Barenblatt and containing recitals comparable to those in appellant's statement. Like Barenblatt, Price repeated that the Subcommittee could not lawfully inquire into his "political beliefs, [his] religious beliefs, or any other personal or private affairs and any associational activities." He cited various decisions of the courts which were also referred to in his prepared statement, expressly disclaiming reliance on the absolute bar of the Fifth Amendment. Similarly, as in Barenblatt, the lengthy prepared statement, drafted as we are told with the aid of counsel who sat at his side throughout the hearings, discloses a complete awareness of the Subcommittee's purposes and objectives and its authority. As the District Court pointed out in its opinion, the pertinency of the questions to this subject matter is shown in part by their content and context particularly when viewed in

2. Barenblatt v. United States, 1959, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115.

light of the prepared statement. Unlike Watkins, Price made no specific or even general challenge to pertinency; under ·Watkins v. United States, 1957, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273, where the witness has an awareness of the subject matter he is not entitled to an automatic explanation of pertinency. Appellant's statement to the Committee disclosed familiarity with numerous pertinent judicial opinions relating to congressional investigations and the rights and duties of the Congress and the witness. The questions put to appellant as to appellant's own personal activities were "clear beyond doubt." Barenblatt v. United States, 1959, 360 U.S. 109, 79 S.Ct. 1081, 1092, 3 L.Ed.2d 1115. If indeed appellant's plane trip to South America was on a mission directed by the Communist Party, the Subcommittee was entitled to know that fact and the identity of his passenger would be highly relevant if the passenger was disclosed to be a person known to the Subcommittee to be a Communist Party member, courier or organizer.

Appellant contends also that this inquiry was an impairment of the freedom of the press; that it impinged on appellant's First Amendment freedoms; that the Congress had no reasonable grounds to subpoena appellant as a witness; that his refusal to answer questions in executive sessions rendered him immune from prosecution for refusing to answer the same questions in public hearings; that the Subcommittee hearings were conducted while the Senate was in session and without express leave of the Senate that the indictment must recite the subject of the inquiry, the authority of the Subcommittee and the relation of the questions to the subject matter. Our discussion of these points in Shelton v. United States, 108 U.S.App.D.C. ——, 280 F.2d 701, and Liveright v. United States, 108 U.S. App.D.C. ——, 280 F.2d 708, makes it unnecessary to deal in detail with these contentions here.

We also take note that assuming arguendo, but without conceding, some in-

firmity in the convictions with respect to certain of the counts of the indictment, Counts 1, 2, 7 and 8 are beyond any challenge and the sentences as to all 8 counts are concurrent.

Affirmed.