Alden **WHITMAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15416.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 8, 1960.

Decided July 7, 1960.

———◆———

Messrs. Thurman Arnold and Gerhard P. Van Arkel, Washington, D. C., with whom Mr. George Kaufmann, New York City, was on the brief, for appellant. Mr. David I. Shapiro, Washington, D. C., also entered an appearance for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Asst. U. S. Atty., and Miss Doris H. Spangenburg, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Alden Whitman, a copy reader on the New York Times, was found guilty on all 19 counts of an indictment charging him with refusing to answer certain questions put to him by the Senate Internal Security Subcommittee,[1] and was given a suspended sentence of imprisonment for six months and a fine of $500. He appeals.

---

1. Violations of 2 U.S.C. § 192, the text of which is:

"Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months. (R.S. § 102; June 22, 1938, ch. 594, 52 Stat. 942.)"

Whitman presents five arguments for reversal: (1) The scope of the topic under inquiry by the Subcommittee was too broad and indefinite to illuminate the pertinency of the questions in the indictment; (2) the questions in the indictment are not pertinent to any authorized inquiry since they concern Communist Party associations during a remote period when the conspiratorial character of the Party was obscure; (3) any question about associates in the Communist Party, as distinguished from one's own Party activities, lacks pertinency; (4) even if the questions were pertinent, Whitman's personal interest, under the First Amendment, in following the dictates of his conscience overbalanced the interest of Congress in exposure of Communist Party members; and (5) the Subcommittee's inquiry was devoted to investigating the New York Times, and thus invaded the field of freedom of the press.

■■ Insofar as the subject under inquiry is concerned, the questioning of Whitman was substantially similar to that of the appellants in Shelton v. United States, 1960, —— U.S.App.D.C. ——, 280 F.2d 701, and Price v. United States, 1960, —— U.S.App.D.C. ——, 280 F.2d 715. In light of those decisions, the claims covered by the first and fifth contentions must be rejected. And in view of the decision in Deutch v. United States, 1960, —— U.S.App.D.C. ——, 280 F.2d 691, the third and fourth contentions cannot be a basis for reversal.

■ As to appellant's second claim, we note that at least half of the indictment questions, those in counts one through eight, referred to the Communist Party in the post World War II period prior to 1949. It was at that time that Whitman himself, according to his own offer of testimony at trial, became especially conscious of the questionable character of the Party. Moreover, one of the questions—"Did you tell anyone you were quitting the Party?"—clearly pertained to the mechanics of Party membership at a time not so distant as to be irrelevant to possible present prac-

tices. Given the presently considered conspiratorial nature of the Party, a common belief of which Whitman does not claim ignorance, it would seem that the questions in counts one through eight were clearly pertinent to an investigation of subversive activities as manifested by the organization of members of the press into Communist Party cells in the period following World War II, and such an inquiry was not without relevance to Party activities in 1956, when the Subcommittee questioned Whitman.

Affirmed.